PARRISH *et al. v.* BARWICK; *et vice versa.*

Nos. 6143, 6144.  SEPTEMBER 28, 1928.

*Shackelford & Shackelford* and *Dunbar Harrison,* for plaintiffs.

*B. F. Walker* and *M. C. Barwick,* for defendants.

HILL, J. 1. The motion for new trial complains because the following testimony of J. D. Parrish was admitted over objection: "Yes, that land, the other day, the Evans place which adjoins the highway, sold for less than $20 per acre. The Evans place is well improved, has got on it a very good dwelling-house. My land is about a mile back from the public road, and there is nothing but a little settlement road that goes out to my place." This testimony was objected to on the grounds that the question was of the market value of this particular land at the time of the transaction; and that the witness did not state that he knew of the transaction of his own knowledge, and whether the sale was public or private. The judge did not err in admitting the testimony as against the objections urged. See *Central Ga. Power Co.* v. *Cornwell,* 139 *Ga.* 1 (76 S. E. 387, Ann. Cas. 1914A, 880).

2. The motion for new trial alleges error because the following testimony of W. F. Anderson was admitted over objection: "I am familiar with the character of the land, and the location of this place. Why, I should think it was worth something like $1,500 to $1,800." The ground of objection was that the inquiry as to the value of the land should be confined to the date on which the property was sold. The objection is without merit.

3. The motion for new trial alleges error because the following evidence was admitted over objection: "Sheriff's deed signed by D. C. Thomas, sheriff of Jefferson County, conveying to H. G. Parrish a one-seventh undivided interest in the 110-2/10 acres of land lot No. 1 (the subject-matter of this suit), dated April 9, 1915, recorded; also the fi. fa. under which the land was sold, and the entries of the sheriff thereon." The grounds of objection were, that there was no leviable interest in said land; that it was admitted in the pleadings that at the time of the sheriff's deed there was an outstanding title made to secure a debt from Kate M. Parrish to W. C. Avera, and for this reason there was no leviable interest in any heir of Mrs. Kate M. Parrish, no title having descended to them on account of this deed, and no levy could be made on the land, and a deed made under such a levy was a mere nullity; that on said fi. fa. there was no sufficient and legal entry of nulla bona, the entry being: "there being no personal

property of Lee Parrish in this county upon which to levy;" the entry required by law being "diligent search made and no personal property found," etc.; that D. C. Thomas, sheriff, had no authority to levy a fi. fa. issued from the justice's court, and that the deed made by the sheriff under this levy and sale was void; that the justice's court fi. fa. also showed on its face that it was null and void, because it was issued in blank, that is to say "for principal and interest," and not for any specified amount. The judge did not err in admitting the sheriff's deed and fi. fa. in evidence over the objections urged. See Civil Code (1910), § 4915.

4. The court erred in directing a verdict, there being questions of fact which should have been submitted to the jury.

5. The motion to dismiss the petition was properly denied.

6. The motion to dismiss the bill of exceptions for lack of parties is denied, said parties having come in and acknowledged service of the bill of exceptions.

*Judgment reversed on the main bill of exceptions, and affirmed on the cross-bill. All the Justices concur.*